IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VALERIE GATES                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 3:19-CV-758-KHJ-JCG

ANDREW SAUL, Commissioner of                             DEFENDANT
Social Security

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States
Magistrate Judge John C. Gargiulo. [18].

I.      Facts and Procedural History

Claimant Valerie Gates filed her Title XVI application for supplemental
security income on November 30, 2016 at age 29. [18]. Gates alleged her disability
began about a year earlier. *Id.* The Commissioner of Social Security
("Commissioner") denied her claims. *Id.* Gates then filed a request for a hearing
before an administrative law judge ("ALJ"). The ALJ heard her case and heard
testimony from both Gates and a vocational expert. *Id.* The ALJ denied her claims
on November 16, 2018. [10] at 13-22.

The next year, Gates requested that the Appeals Council review the ALJ's
decision. [16]. The Appeals Council denied her request for review, so the ALJ's
decision became the final decision of the Commissioner. *Id.* Having exhausted her
administrative remedies, Gates filed this action. [1].

The Report recommends this Court deny Gates' Motion for Summary Judgment [11] and grant the Commissioner's Motion to Affirm the Commissioner's Decision [14]. Gates contends the ALJ's findings on Listing 12.05(B)—which provides certain criteria to establish an intellectual disorder—were not supported by substantial evidence based on the consideration of her ability to "understand, remember, or apply information" or to "interact with others." [18] at 5-6. The Commissioner and the Magistrate Judge disagree, noting the ALJ was responsible for weighing the evidence and finding there was "substantial evidence supporting the ALJ's finding of only a moderate limitation" in each area. *Id.* at 7; 11.

Written objections to the Report were due February 4, 2021. The Report notified the parties that failure to file written objections to the findings and recommendations by that date would bar further appeal in accordance with 28 U.S.C. § 636. *Id.* Gates timely filed her Objections [19] and the Commissioner responded [20] seven days later.

II.   Standard

The Court reviews de novo the portions of the Magistrate's Report to which Gates objects, 28 U.S.C. § 636(b)(1), while the remaining portions are considered under a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court, however, is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982)).

III.    Analysis

Gates raises one, two-part objection to the Magistrate's Report. As for Listing 12.05(B), which provides the criteria for finding an intellectual disorder (*see* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 at § 12.05), Gates argues substantial evidence does not support the ALJ's finding of only a "moderate limitation" in "understanding, remembering, or applying information" or "interacting with others." [19] at 2-4.

Listing 12.05(B) provides that an intellectual disorder is established only if the claimant meets all of the following medical criteria:

(1) a "significantly subaverage general intellectual functioning" as evidenced by qualifying IQ scores;

(2) "significant deficits in adaptive functioning" manifested by "extreme limitation of one, or marked limitation of two" of these "mental functioning" areas:

   a.  ability to "understand, remember, or apply information,"

   b.  ability to "interact with others,"

   c.  ability to "concentrate, persist, or maintain pace," or

   d.  ability to "adapt or manage oneself;" and

(3) the evidence concerning claimant's "current intellectual and adaptive functioning" and "history of disorder" supports a finding that the impairment began prior to age 22.

20 C.F.R. Pt. 404, Subpt. P, App'x 1 at § 12.05; *see also Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

A.  Understanding, Remembering, or Applying Information

The ALJ found Gates had only a moderate limitation in the category of "understanding, remembering, or applying information," meaning she had a "fair

ability to function in these areas independently, appropriately, effectively, and on a sustained basis." [18]. As long as substantial evidence supports the ALJ's findings, they "will not be disturbed." *McCaskill v. Dep't of Health & Human Servs.*, No. 1:14-cv-24-HSO-RHW, 2015 WL 1457514, at *5 (S.D. Miss. Mar. 30, 2015), aff'd, 640 F. App'x 331 (5th Cir. 2016) (citing *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)). A court cannot "re-weigh the evidence or substitute [its] judgment for that of the Commissioner." *Boyd*, 239 F.3d at 704.

The record reflects that when treated with an appropriate medical regimen for her mental impairments, Gates showed "intact" "attention, concentration, and memory." [10] at 19. Although Gates had trouble keeping up with her medications, "her records indicated medication compliance with regular follow-ups" and that she reported to appointments "well-groomed and responding appropriately[.]" [18] at 7; [10] at 17.

Gates also testified she believed she was unable to work because of her "attention span" and because she does not "like dealing with people." [10] at 36. But she also testified her decreased attention span did not prevent her from being able to "sweep," "mop," "do the dishes," and "do [her] own laundry" at home. *Id.* In her disability evaluation, Dr. Amy Baskin reported Gates did "not [have] significantly limited" ability to carry out short, simple instructions and only had "moderately limited" ability to maintain "attention and concentration for extended periods." *Id.* at 54.

4

The Magistrate Judge found that "although there is certainly some evidence showing limitations in understanding, remembering, and applying information," substantial evidence supports the ALJ's finding of "only a moderate limitation" in this area. [18] at 9. Gates disagrees with the ALJ but has not pointed to any objective evidence to contradict or undermine the ALJ's findings. This Court will not "re-weigh the evidence," *Boyd*, 239 F.3d at 704, but instead, will adopt the Magistrate Judge's determination that Gates has a fair ability to understand, remember, or apply information.

B.  Interacting with Others

In the "interacting with others" category, too, the ALJ found Gates showed only a "moderate" (rather than "marked" or "extreme") limitation. [18] at 9. "Interacting with others" concerns a claimant's ability to "relate to and work with supervisors, co-workers, and the public." *Id.* at 7 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 at 12.00(E)(1)-(2).

The record supports the ALJ's finding that Gates has no more than a moderate limitation in this area. While Gates testified she "get[s] overwhelmed by the people" when grocery shopping, [10] at 36, she also testified she traveled to a family reunion in 2017 "on an airplane with no problems." *Id.* at 16. Further, Gates was hospitalized after an altercation with her uncle, but inpatient observation revealed her mental status was "unremarkable," and Gates was described as "calm and cooperative." *Id.* Finally, Gates was unable to keep her job at a chicken plant because she "kept getting into fights with people." [10] at 35. Dr. Baskin, however,

5

opined she would likely function better in a "non-interpersonally intensive work environment" and "would be capable of relating appropriately to coworkers and supervisors." *Id.* at 54.

Gates contends the Magistrate Judge should not have relied on Dr. Baskin or vocational consultant Dwight Gilbert's opinions because they were provided too early in the adjudication process. But as the Commissioner points out, Gates has showed no later evidence in the record contradicts "either Dr. Baskin's assessment of [Gates'] functional abilities or Mr. Gilbert's finding of jobs [she] was capable of preforming." [20] at 2. This Court agrees with and adopts the Magistrate Judge's finding that Gates showed only a moderate limitation in the area of interacting with others. This Court therefore adopts the Magistrate Judge's recommendation that Gates' Motion for Summary Judgment [11] should be denied and the Commissioner's Motion to Affirm the Commissioner's Decision [14] should be granted. The case will be dismissed with prejudice.

IV.     Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [18] of United States Magistrate Judge John C. Gargiulo, entered in this cause should be, and the same is, adopted as is the finding of this Court on the finding that Gates showed only a moderate limitation in understanding, remembering, or applying information and interacting with others.

IT IS, FURTHER, ORDERED AND ADJUDGED that Gates' Motion for Summary Judgment [11] is DENIED, the Commissioner's Motion to Affirm the

Commissioner's Decision [14] is GRANTED, and this case is DISMISSED WITH PREJUDICE.

A separate Final Judgment will issue this day.

SO ORDERED, this the 16th day of February, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE